IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS VEGA MARTINEZ AND LIZVETTE REYES CUPELES, PERSONALLY AND ON BEHALF OF THEIR MINOR SON, J. E. V.R. AND DAUGHTER A.V.R. ,<br><br>*Petitioner,*<br><br>v.<br><br>**HOSPITAL SAN ANTONIO INC, et als.**<br><br>*Defendant.* | CIVIL NO. 18-1055 (DRD) |

**OPINION AND ORDER**

The instant case constitutes a medical malpractice suit claiming that Hospital San Antonio ("HSA") was negligent in the diagnosis and treatment offered to minor J.E.V.R. during his admission at HSA from February 6, 2017 until his transfer to Puerto Rico's Children Hospital on February 10, 2017. (Docket No. 1) HSA moves for summary disposition of all claims (Docket No. 161-162) Plaintiff opposed. (Docket No. 180) HSA replied. (Docket No. 191) After careful consideration, the Court grants HSA's request.

**I.     Factual Background**

Plaintiffs Luis Vega Martínez and Lizbeth Reyes-Cupeles, parents and natural guardians of minor son J.E.V.R. and minor daughter A.V.R. and Luis Vega Martínez and Lizbeth Reyes-Cupeles individually and on behalf of the conjugal partnership premise their cause of action against HSA based on the medical treatment provided to plaintiff's minor J.E.V.R. during his visits to the Emergency Room at Hospital San Antonio and his admission. *See,* Docket No. 1. According to Plaintiffs, "the patient in this case appeared twice at the emergency room of the defendant HSA with viral like symptoms and was prescribed are [sic] very dangerous antibiotic Rocephin, which is indicated for bacteria, even though there were no tests supporting the

administration of that antibiotic. Furthermore, the antibiotics in combination with other medications and somatization from prior administrations, caused a reaction or allergic reaction resulting in the Steven Johnson syndrome and conditions and damages still suffered by the patient…" (Docket No. 180 at 5-6)

HSA filed a *Motion for Partial Summary Judgment* requesting the Court to find that the damage limits set by Puerto Rico's law regulating claims and suits against the Commonwealth (P.R. Laws Ann. tit. 32 § 3077) applies to HSA in the instant case. (Docket No. 105) The Court granted HSA's *Motion for Partial Summary Judgment* and determined that in the instant case "should judgment be entered against Codefendant for the type of professional, medical or hospital malpractice outlined in Article 41.050 (10), the damage calculation against HSA will be circumscribed to the limits set by Puerto Rico Law No. 104 as stated herein." *See*, Opinion and Order at Docket No. 124.

On March 24, 2022, HSA filed a *Motion in Limine* requesting the Court to preclude the testimony, report and opinion of Plaintiffs' expert witness Dr. Edwin Miranda.  (Docket No. 164) The Court granted HSA's request. *See*, Opinion and Order at Docket No. 206.

Finally, before the Court is HSA's motion for summary judgment requesting the Court to summarily dismiss the instant case since Plaintiffs are unable to establish a prima facie case of medical malpractice.

## II.     Standard of Review

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be entered where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see* Celotex Corp. v. Catrett, 477 U.S. 317, 324-325 (1986). Pursuant to the clear language of the rule, the moving party bears a two-fold burden: it must show that there is "no genuine issue as to any

material facts;" as well as that it is "entitled to judgment as a matter of law." Veda-Rodriguez v. Puerto Rico Tel. Co., 110 F.3d 174, 179 (1st Cir. 1997). "A dispute is 'genuine' if the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party." Johnson v. U. of P.R., 714 F.3d 48, 52 (1st Cir. 2013); Prescott v. Higgins, 538 F.3d 32, 40 (1st Cir. 2008) (*citing* Thompson v. Coca–Cola Co., 522 F.3d 168, 175 (1st Cir. 2008)); Calero–Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). The analysis with respect to whether or not a "genuine" issue exists is directly related to the burden of proof that a non-movant would have in a trial. "[T]he determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (applying the summary judgment standard while taking into account a higher burden of proof for cases of defamation against a public figure). In order for a disputed fact to be considered "material" it must have the potential "to affect the outcome of the suit under governing law." Sands v. Ridefilm Corp., 212 F.3d 657, 660–661 (1st Cir. 2000) (*citing* Liberty Lobby, Inc., *supra*, at 247–248); Prescott, *supra*, at 40 (1st Cir. 2008) (*citing* Maymí v. P.R. Ports Auth., 515 F.3d 20, 25 (1st Cir. 2008)).

The objective of the summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997) (*citing* the advisory committee note to the 1963 Amendment to Fed. R. Civ. P. 56(e)). The moving party must demonstrate the absence of a genuine issue as to any outcome-determinative fact on the record. *See* DeNovellis v. Shalala, *supra*, at 306. Upon a showing by the moving party of an absence of a genuine issue of material fact, the burden shifts to the nonmoving party to demonstrate that a trier of fact could reasonably find in his favor. *Id.* (*citing* Celotex Corp. v. Catrett, *supra*, at 323). The non-movant may not defeat a "properly focused motion for summary judgment by relying upon mere allegations," but rather through definite and competent evidence. Maldonado–Denis v. Castillo Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994). The non-movant's burden thus encompasses a showing of "at least one fact issue which is both

'genuine' and 'material.'" which affects the granting of a summary judgment. Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990); *see*, *also*, Suarez v. Pueblo Int'l., 229 F.3d 49, 53 (1st Cir. 2000) (stating that a non-movant may shut down a summary judgment motion only upon a showing that a trial- worthy issue exists). As a result, the mere existence of "some alleged factual dispute between the parties will not affect an otherwise properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., *supra*, at 477. Similarly, summary judgment is appropriate where the nonmoving party rests solely upon "conclusory allegations, improbable inferences and unsupported speculation." Ayala–Gerena v. Bristol Myers–Squibb Co., 95 F.3d 86, 95 (1st Cir. 1996); Tropigas De P.R. v. Certain Underwriters at Lloyd's of London, 637 F.3d 53, 56 (1st Cir. 2011) ("We afford no evidentiary weight to conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative.") (internal citations omitted); Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

When considering a motion for summary judgment, the Court must "draw all reasonable inferences in favor of the non-moving party while ignoring conclusory allegations, improbable inferences, and unsupported speculation." Smith v. Jenkins, 732 F.3d 51, 76 (1st Cir. 2013) (reiterating Shafmaster v. United States, 707 F.3d 130, 135 (1st Cir. 2013)). However, while the Court "draw[s] all reasonable inferences in the light most favorable to [the non-moving party] ... we will not draw *unreasonable* inferences or credit bald assertions, empty conclusions or rank conjecture*."* Vera v. McHugh, 622 F.3d 17, 26 (1st Cir. 2010) (internal quotations and citation omitted).

Summary Judgment is also governed by Local Rule 56. Pursuant to said rule, a party opposing a motion for summary judgment shall "admit, deny or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of material facts. Unless a fact is admitted, the opposing statement shall support each denial or qualification by a record citation as required by this rule." *See*, D.P.R. Civ. R. 56(c). Further, the

Court will not consider hearsay statements or allegations presented by parties that do not adequately provide specific reference to the record. *See*, D.P.R. Civ. R. 56(e) ("The [C]ourt may disregard any statement of fact not supported by a specific citation to the record material properly considered on summary judgment. The [C]ourt shall have no independent duty to search or consider any part of the record not specifically referenced."); *See also* Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 33 (1st Cir. 2001)(finding that, where a party fails to buttress factual issues with proper record citations, judgment against that party may be appropriate); Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)("Hearsay evidence, inadmissible at trial, cannot be considered on a motion for summary judgment.").

Furthermore, the Court must review the record as a whole and refrain from engaging in the assessment of credibility or the gauging the weight of the evidence presented. *See,* Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 135 (2000); Anderson v. Liberty Lobby, Inc., *supra*, at 255; *see, also*, Pina v. Children's Place, 740 F.3d 785, 802 (1st Cir. 2014). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Reeves, *supra*, at 150 (*quoting* Anderson v. Liberty Lobby, Inc., *supra*, at 250–51).

Summarizing, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56 (a). Hence, in order to prevail, Defendants must demonstrate that, even admitting well-pleaded allegations in light most favorable to Plaintiffs, the applicable law compels a judgment in its favor.  A fact is deemed "material" if the same "potentially affect[s] the suit's determination… issue concerning such a fact is 'genuine' if a reasonable fact finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Marrero v. Hosp. Hermanos Melendez, Inc., 253 F. Supp. 2d 179, 186 (D.P.R. 2003) (citations omitted)

**III.     Analysis**

HSA base their request for summary judgment on case law supporting the argument that a medical malpractice case requires expert testimony. HSA posits that in the event Dr. Miranda's testimony is excluded, the Court must grant HSA's summary judgment since in the absence of an expert opinion, Plaintiffs claims cannot survive.  Because this is a diversity action, the Court must look to the law of the forum state. Erie R.R. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 822 (1938).

In medical malpractice cases under Puerto Rico law, the plaintiff must prove three key elements: "(1) the duty owed (i.e., the minimum standard of professional knowledge and skill required in the relevant circumstances); (2) an act or omission transgressing that duty; and (3) a sufficient causal nexus between the breach and the harm." Laureano Quinones v. Nadal Carrion, 2018 WL 4057264, at *2–3 (D.P.R. 2018) (quoting Marcano Rivera v. Turabo Medical Ctr. P'ship, 415 F.3d 162, 167 (1st Cir. 2005)).

The duty owed to a patient has been explained by the Puerto Rico courts as "(t)hat (level of care) which, recognizing the modern means of communication and education, ... meets the professional requirements generally acknowledged by the medical profession." Marcano Rivera, 415 F.3d at 167–68 (citing Lama v. Borras, 16 F.3d 473, 478 (1st Cir.1994) (quoting Oliveros v. Abreu, 101 P.R. Dec. 209, 226 (1973)). This standard is considered national and must be proven through expert testimony. See, Santana Otero v. United States, 428 F. Supp. 2d 34, 46 (D.P.R. 2006) Ordinarily, causation cannot be found based on mere speculation and conjecture. Expert testimony, consequently, is generally essential in order to clarify complex medical issues that are more prevalent in medical malpractice cases than in standard negligence cases. See Marcano Rivera, 415 F.3d at 168; see also Rojas–Ithier, 394 F.3d at 43. ("[A] factfinder normally cannot find causation without the assistance of expert testimony to clarify complex medical and scientific issues that are more prevalent in medical malpractice cases than

in standard negligence cases.") In Martinez Serrano v. Quality Health Services of Puerto Rico, Inc., 568 F.3d 278 (1st Cir. 2009), the First Circuit held that:

> [C]ausation is an essential element of a claim for medical malpractice under Puerto Rico law. It was the plaintiffs' burden to furnish proof of causation. *See Cortés–Irizarry v. Corporación Insular de Seguros,* 111 F.3d 184, 190 (1st Cir.1997) ("Notwithstanding proof of both duty and breach, a plaintiff also must offer competent evidence of causation in a medical malpractice case."). To make out causation under Puerto Rico law, a plaintiff must prove, by a fair preponderance of the evidence, that the negligent act or omission was the factor that most likely caused the harm. *Lama,* 16 F.3d at 478. The evidence here does not pass that test. We have recently ruled—and today reaffirm—that in a medical malpractice case under Puerto Rico law "a factfinder normally cannot find causation without the assistance of expert testimony." *Rojas–Ithier v. Sociedad Española de Auxilio Mutuo y Beneficiencia,* 394 F.3d 40, 43 (1st Cir.2005). This is so because medical malpractice is a field in which the issues tend to be scientifically driven and more nuanced than in most tort cases.

Martinez-Serrano v. Quality Health Servs. Of Puerto Rico, Inc., 568 F.3d 278, 286 (1st Cir. 2009)

Pursuant to the applicable caselaw, Plaintiffs in the instant case must establish, by a preponderance of the evidence, that HSA's conduct was the factor that most probably caused the harm suffered by J.E.V.R. To establish said causation, the assistance of an expert testimony is needed. However, there are exceptions to the general rule that an expert testimony is needed in medical malpractice cases. The First Circuit has held that "the law recognizes a narrowly configured exception to the general rule requiring expert testimony in medical malpractice cases. Although courts have formulated the exception in divers ways—it has been variously described as implicating situations where common knowledge and experience are all that is necessary to comprehend a defendant's negligence…" Rolon-Alvarado v. Municipality of San Juan, 1 F.3d 74, 79 (1st Cir. 1993).

This is not the case where common knowledge and experience would be sufficient to comprehend HSA's negligence. The facts in the instant case revolve around the administration of the antibiotic Rocephin and the possible relation to the development of the Steven Johnson's

Syndrome in the minor J.E.V.R. Thus, the facts at issue in the present case and the conditions implicated, an expert is necessary to demonstrate the claimed negligence on Defendant's part. Without Dr. Miranda's testimony, Plaintiffs are unable to present any expert opinion sufficient to establish a breach of the duty owed. An expert testimony is essential to Plaintiffs' case. Therefore, although striking a plaintiffs' expert is "technically not a dismissal of [Plaintiff's] case, [it can] effectively amoun[t] to one" because "Plaintiff is unable to present any expert opinion sufficient to establish either the Defendants' duty of care or a breach of the duty owed." Gonzalez Rivera v. Hosp. HIMA-Caguas, 2018 WL 4676925, at *5 (D.P.R. 2018) (internal citations omitted) (quoting Esposito v. Home Depot, U.S.A., Inc., 590 F.3d 72, 78 (1st Cir. 2009)). "A party moving for summary judgment bears the initial burden of demonstrating the lack of evidence to support the non-moving party's case. Celotex, 477 U.S. at 325. "The movant must aver an absence of evidence to support the nonmoving party's case." Gonzalez Rivera v. Hosp. HIMA-Caguas (D.P.R. Sept. 26, 2018), aff'd sub nom. Gonzalez-Rivera v. Centro Medico Del Turabo, Inc., 931 F.3d 23 (1st Cir. 2019) In the instant case, the record lacks evidence to support Plaintiffs' medical malpractice claims against HSA. Plaintiffs lack an expert testimony to satisfy the causation requirement. HSA's Motion for Summary Judgment is **GRANTED.**

### IV.     Conclusion

Due to the absence of expert testimony and Plaintiffs' inability to establish a prima facie case of medical malpractice by HSA, the Court GRANTS Defendant's Motion for Summary Judgment at Docket No. 162. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of September 2022.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge